RUSSELL C. HOUSE TRANSFER & STORAGE CO., Inc. v. UNITED STATES.

No. 13400.

United States Court of Appeals
Fifth Circuit.

May 25, 1951.

---

350

James L. Flemister, R. J. Reynolds, Jr., Atlanta, Ga., for appellant.

Gerald E. Jessup, Atty., Interstate Commerce Commission, Washington, D. C., J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment of the United States District Court for the Northern District of Georgia holding appellant, Russell C. House Transfer & Storage, Inc., to be guilty of criminal contempt by reason of its willful violation of a permanent injunction of the court entered on May 22, 1941, and imposing on appellant a fine of $250. ·

The proceedings which give rise to the present controversy may be summarized as follows: In a complaint filed on March 31, 1941, the Interstate Commerce Commission alleged that appellant was engaged in the transportation of property in interstate commerce, for compensation, as a common carrier by motor vehicle subject to the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.; that appellant had violated Part II of the Act by · transporting household goods between certain named cities and points not authorized by a certificate of public convenience and necessity issued by the Commission; and that, unless restrained, appellant would continue to transport property between the cities and points described and between other cities and points in the United States without warrant or authority of law and without any authorization by the Commission.

On May 22, 1941, a consent judgment was entered by the Court in which it was decreed that appellant "be perpetually enjoined and restrained from * * * (1) transporting property by motor vehicle in interstate or foreign commerce upon any public highway for the general public, for compensation, whether over regular or irregular routes, unless and until such time, if at all, as (a) there is in force with respect to the said Russell C. House Transfer & Storage, Inc., a certificate of public convenience and necessity issued by the Interstate Commerce Commission of the United States authorizing such operations."

On March 29, 1950, the United States filed a proceeding in criminal contempt alleging that with full knowledge of the permanent injunction and in defiance of its terms, appellant transported four shipments of property in interstate commerce without there being in force with respect to such motor carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations.[1]

1. On the dates when the four shipments were transported by appellant it held certificates of public convenience and necessity issued by the Commission authorizing it to engage in the transportation of: "Household Goods, over irregular routes, Between Atlanta, Georgia, and points and places within 135 miles thereof, on the one hand, and on the other, points and places in Mississippi, Louisiana, Texas, Oklahoma, Arkansas, Kentucky, Virginia, Ohio, Indiana, Illinois, Michigan, Pennsylvania, New York, New Jersey, Maryland, and the District

The gravamen of the charge is not that appellant transported property between cities and points not authorized, which was the factual basis upon which the decree of 1941 was bottomed, but that the property transported was not "household goods" within the meaning of that term as used in its certificates of public convenience and necessity. The case was tried before the court upon a rule to show cause and the appellant was convicted on findings that the property transported was not "household goods;" and that the shipments were knowingly and willfully transported in violation of the Act and in violation of the injunction. This appeal followed.

The stipulated facts reveal that in June and July, 1949, appellant transported four shipments of new uncrated gas kitchen stoves from a manufacturer at Cleveland, Tennessee, consigned to an apartment housing project at Atlanta, Georgia. These stoves were transported for a contractor who was building the apartments in which the stoves were installed as permanent fixtures.

The principal issue between the parties revolves around the question as to whether or not these stoves constituted household goods as the term is used in appellant's certificates of public convenience and necessity. This question we need not and do not decide. We rest our decision on the fundamental principles of justice here involved.

■ Basic in the law is the principle that no decree should be so broad as to place the entire conduct of one's business under the jeopardy of punishment for contempt for violating a general injunction. Whenever a carrier has been adjudged to have violated the provisions of the Inter-state Commerce Act in a particular manner, the court may perpetually enjoin the carrier from further violations of the Act by the means employed. But the court should not enjoin the carrier in general terms not to violate the Act in any particular and thus subject the carrier to contempt proceedings if it should at any time in the future commit some new violations, unlike and unrelated to that with which it was originally charged. Swift & Company v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518; New York, New Haven & H. R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 26 S.Ct. 272, 50 L.Ed. 515; N. L. R. B. v. Express Publishing Company, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930; Nasif v. United States, 5 Cir., 165 F.2d 119. Yet, this is precisely what the court did in the case at bar.

■ The 1941 injunction was issued in a proceeding involving a territorial violation and did not specifically cover "household goods" but "property." The injunction decree was entered by consent of the parties and does not suggest that there was any commodity violation, actual or threatened, on the part of appellant. Furthermore, it was stipulated in the present proceeding that appellant was authorized to transport household goods between Tennessee and Georgia. Such being the situation, we are of the definite opinion that the injunction, though in broad general terms, must be construed to be limited to the particular type of violation which brought it into being. So construed, the injunction is valid and the judgment holding appellant in contempt may not stand. Nasif v. United States, supra.

Reversed and remanded with directions to dismiss the contempt charge.

of Columbia. Between points and places in Georgia, Florida, Alabama, Tennessee, North Carolina, South Carolina. Household goods, as defined in Practices of Motor Common Carriers of Household goods, 17 M.C.C. 467, over irregular routes, Between points and places in Louisiana, Maryland, Mississippi, Texas, Virginia, New York and the District of Columbia, on the one hand, and, on the other, points and places in Alabama, Florida, Georgia, North Carolina, South Carolina, and Tennessee. Authority is granted to traverse Arkansas, Kentucky, New Jersey, Pennsylvania and West Virginia for operating convenience only."