**UNITED STATES**

v.

**HACKETT et al.**

**No. 6867.**

United States District Court
W. D. Missouri, W. D.

July 22, 1954.

See, also, 123 F.Supp. 106.

W. B. Ennis and Gene Martin, Kansas City, Mo., for judgment creditors.

Filbert Munoz, Kansas City, Mo., for defendants.

WHITTAKER, District Judge.

From a judgment entered by this Court, on April 22, 1953, in this action (one for damages in treble the amount of excessive rents received and retained by defendants on certain "Controlled Housing Accommodations" in Kansas City, under Section 1881 et seq., Title 50 U.S.C.A.Appendix), in favor of the plaintiff, the United States of America, but "for and on behalf of (among others) the following tenants in the following amounts * * * Sam Beggs, $110.50, Loraine Blankenship, $85.00, Emma Gorsuch, $92.00", aggregating $287.50, an execution was issued, on December 3, 1953, in the name of the plaintiff, the United States of America, but "on behalf of Sam Beggs, Loraine Blankenship, and Emma Gorsuch", against the defendants in the said amount of $287.50, from which, and in aid of which, garnishments were caused to be served by the marshal upon various tenants of defendants, attaching and impounding rents owing by those garnishees to the defendants.

Responsive to those garnishments, the garnishees, seven in number, have filed answers in this court acknowledging rental indebtedness to defendant Genevieve Hackett in the aggregate amount of $735, and rental indebtedness to the defendant Mary Agnes Hackett in the amount of $140, and rental indebtedness jointly to the two defendants in the amount of $175.

Defendants thereafter, on February 3, 1954, served and filed herein their motion to quash said execution, upon two specific grounds, namely: (1) "that the judgment was in the name of the United States", and (2) "that the real party in interest is the United States, not Sam Beggs, Loraine Blankenship and Emma Gorsuch", and that, therefore, only the United States can prosecute an execution, and that those individuals have no right to prosecute an execution to recover the amounts awarded by the judgment for their benefit.

That motion is the matter now before me for decision.

I think it is plain, from the terms of the Court's order and decision itself, that though the order and decision was rendered in the name of the United States it was "for and on behalf of the following tenants in the following amounts, Sam Beggs, $110.50, Loraine Blankenship, $85.00, and Emma Gorsuch, $92.00", totaling $287.50, the amount of this execution.

Rule 71, Fed.Rules Civ.Proc. Title 28 U.S.C.A., provides, so far as here pertinent, that "When an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party * * *." The order and decision, upon which the challenged execution rests, expressly says that it was rendered "for and on behalf of" the three judgment creditors, above-named, who have caused to be issued and who now prosecute this execution. From all this it follows, I believe, that the specific attack here made upon the execution is not good, and that defendants' motion to quash it should be denied.

It is therefore ordered and adjudged by the court, that defendants' motion to quash the execution issued herein on the 3rd day of December, 1953, should be, and it is hereby, denied.