**F. H. VAHLSING, INC., TEXAS,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22488.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1966.

**578**

O. C. Hamilton, Jr., Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., William B. Butler, Jerald D. Mize, William A. Jackson, Asst. U. S. Attys., Houston, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM.

The United States brought this action against F. H. Vahlsing, Inc. to remedy the defendant's violation of the Agricultural Adjustment Act, 7 U.S.C. §§ 601–624, and Federal Marketing Order No. 970, 7 C.F.R. Part 970. According to the complaint, the only violation was Vahlsing's failure to pay certain assessments due under the order. The district court entered a default judgment against Vahlsing, ordering it to pay certain back assessments and enjoining the company from "handling carrots in violation of the terms and provisions of said Act and Order 970, as it is now in effect and as it may subsequently be amended."

On appeal, Vahlsing does not contest its liability for the back assessments due but argues only that the injunction is too broad in that it orders compliance with the act in general terms, rather than en-joining only "further violations of the Act by the means [previously] employed." Russell C. House Transfer & Storage Co. v. United States, 5 Cir. 1951, 189 F.2d 349, 351.

 After the appeal was filed, the carrot producers who were subject to Order No. 970 voted to terminate the marketing order. Consequently, the Secretary of Agriculture terminated the order effective July 31, 1966. See 31 Fed. Reg. 8178 (1966). The injunction is therefore inoperative, and this appeal has become moot.

The company argues that it will be subject to an overbroad injunction should the marketing order be reinstated at a later date. If the order is reinstated, and if the company is sought to be held in contempt for violation of the injunction, the company may test the overbroadness of the injunction in the contempt proceedings. See Russell C. House Transfer & Storage Co. v. United States, supra; Nasif v. United States, 5 Cir.1947, 165 F.2d 119.

The appeal is dismissed as moot.