CULPEPPER, J.
(dissenting).
The majority opinion ignores defendant’s principal argument on appeal, which is that a violation of a criminal law should not be enjoined. There is no question that this is the universally recognized general rule, stated in 43 C.J.S. Verbo Injunctions § 150, pp. 760-762, as follows:
“Except where there is express statutory authority therefor, equity has no crimi *112 nal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. Under ordinary circumstances a complete and adequate remedy for the violation of the criminal statutes of a state and of municipal ordinances is afforded by the courts of law, and, if a criminal prosecution will constitute an effectual protection against the acts or omissions complained of, no grounds exist for relief by injunction. The objections to ‘criminal equity’ are that it deprives defendant of his jury trial; that it deprives him of the protection of the higher burden of proof required in criminal prosecutions; that, after imprisonment and fine for violation for an equity injunction, defendant may be subjected under the criminal law to punishment for the same acts; that it substitutes for the definite penalties fixed by the legislature whatever punishment for contempt a particular judge may see fit to exact; that it is often no more than an attempt to overcome by circumvention the supposed shortcomings of jurors; and that it may result, or induce the public to believe that it results, in the arbitrary exercise of power and in government by injunction.”
An exception to this general rule is made where the criminal acts sought to be enjoined also incidentally affect civil or property rights. This exception is stated in 43 C.J.S. Verbo Injunctions § 151, p. 762, as follows:
“Where the intervention of equity by injunction is warranted by the necessity of protection to civil rights or property interests and the inadequacy of a criminal prosecution to effect this purpose, the mere fact that a crime or statutory offense must be enjoined as incidental thereto will not operate to deprive the court of its. jurisdiction.”
There are few Louisiana cases which discuss the issue, but the courts which have considered the problems have followed the above stated general rule and the exceptions thereto. City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798 (1924) was a suit to enjoin the violation of a zoning ordinance. Our Supreme Court stated the law as follows:
“An injunction should not be issued to prevent the commission of a crime, if the only reason for preventing it is that it is a crime. But, if the wrong complained of is injurious to property interests or civil rights, or if it is a public nuisance, either in the opinion of the court or in virtue of a statute or an ordinance making it a nuisance, the fact that it is also a violation of a criminal statute or ordinance does not take away the authority of a court of civil jurisdiction to prevent the injury or abate the nuisance.”
In City of New Orleans v. Liberty Shop, supra, the city alleged that the continuing violation of the zoning ordinance was a constant public nuisance and that it affected property rights. The court held this was sufficient to state a cause of action.
See also Nasif v. United States, 5 Cir., 165 F.2d 119; United States v. Nasif, D.C., 72 F.Supp. 22, reversed at 165 F.2d 119; Clemmons v. Congress of Racial Equality, D.C., 201 F.Supp. 737; Griffon v. Congress of Racial Equality, D.C., 221 F.Supp. 899; and Department of Conservation v. Reardon, 200 La. 491, 8 So.2d 353, which also construe Louisiana law according to the above stated general rules.
In the present case the Commissioner of Agriculture seeks to enjoin the violation of one of the regulations adopted by the Louisiana Livestock Sanitary Board as authorized by LSA-R.S. 3:2223. The statute does not provide for the use of injunction to prevent violation. LSA-R.S. 3:2232 provides for enforcement by fine or imprisonment.
The only allegations of plaintiff’s petition which relate to the purpose for which the injunction is sought are as follows:
“That in order to enforce the law and the Rules and Regulations governing *113 Brucellosis cattle within the State, it is necessary that an injunction be issued herein, * * *”
Plaintiff’s petition contains no allegation whatever that the injunction is necessary to protect civil rights or property interests. As a general rule, the power of the courts to issue injunctions should be exercised with great caution and only where the reasons and necessity therefor are clearly established, 43 C.J.S. Verbo Injunctions § 15, p. 426.
It is my view that the majority opinion is a deviation from the established law and could lead to a flood of suits to enjoin violations of criminal laws for no other reason except that they are crimes.
For the reasons stated, I respectfully dissent.