Alvin H. TOWNSEL, on behalf of himself and all others similarly situated, Plaintiff,

v.

The UNIVERSITY OF ALABAMA, John Andrew Caddell, Winton M. Blount, Ehney A. Camp, Jr., Samuel Earle G. Hobbs, Daniel T. McCall, Jr., John T. Oliver, Jr., Yetta G. Samford, Jr., and Ernest G. Williams, Individually and as members of the Board of Trustees of the University of Alabama, George C. Wallace and Wayne Teague, as Ex-officio members of the Board of Trustees of the University of Alabama, F. David Mathews, Individually and as President of the University of Alabama, Defendants.

Civ. A. No. 78–G–0352–W.

United States District Court, N. D. Alabama, W. D.

Dec. 29, 1978.

Donald V. Watkins, Gray, Seay & Langford, Montgomery, Ala., for plaintiff.

Paul E. Skidmore, University, Ala., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

This is a suit under 42 U.S.C. §§ 1981, 1983, and 2000e, *et seq.*, alleging race discrimination. Plaintiff Alvin H. Townsel is a black male who was hired by the defendant University in a dual capacity, both as an instructor and as an administrator. The defendant did not renew the plaintiff's contract, and he brought this action charging the defendant with racially discriminatory treatment.

The plaintiff seeks certification under Rule 23(b)(3) of a class composed of all black employees of the defendant University, past, present, and future, as well as all black job applicants, actual or prospective. After mature consideration, having heard both parties on this issue in its Rule 23 hearing, the court has concluded that certification is due to be denied.

The court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff was hired as Associate Director of the Bureau of Educational Services and Research and as Associate Professor in the area of Administration and Higher Education on May 21, 1976, and was given a contract for the academic year 1976–1977. It was renewed for 1977–1978.

2. This was a newly created position at the defendant University and plaintiff was the first person hired to fill it.

3. The School of Education, in which plaintiff worked, is divided into several departments, some with teaching functions and others with nonteaching functions.

4. Plaintiff's position served two departments, and he spent two-thirds of his time as an administrator and one-third as an instructor.

5. The defendant is a highly fragmented employer. Employment decisions are made in close proximity to where the individual employee works, and not on an institutional basis.

6. Plaintiff had two immediate supervisors, one for each department he served. They were Dr. James P. Curtis, Assistant Dean in the Bureau of Educational Services and Research, and Dr. Curtis P. Sellers, Area Head of Administration and Higher Education.

7. Each of the plaintiff's supervisors, for his own separate reasons, recommended to Dr. Paul G. Orr, Dean of the College of Education, that plaintiff's contract not be renewed.

8. Orr sent a letter to Dr. Charley Scott, Associate Academic Vice President, recommending plaintiff's nonrenewal, on November 16, 1977.

9. Scott approved the recommendation on December 1, 1977, and Orr notified plaintiff of the decision by letter dated December 2, 1977. Plaintiff's probationary appointment ended May 15, 1978.

10. The decision not to renew was made for cause.

11. The departmentalization of defendant's employment practices makes the operative facts behind its decisions uncommon. Each person is individually evaluated by the criteria of the job concerned.

12. No policy of racial discrimination was established to have existed at the defendant University, statistically or otherwise.

13. No other employee at the defendant University was shown to be similarly situated. Plaintiff, being a hybrid employee, is unique.

### Conclusions of Law

■ 1. Even where class-wide discrimination is charged, the plaintiff must establish compliance with the requirements of Rule 23, Federal Rules of Civil Procedure, before a class action can be certified. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

2. Rules 23(a)(2) and (3), Federal Rules of Civil Procedure, must be distinguished. *Jamerson v. Board of Trustees, University of Alabama*, 80 F.R.D. 744 (N.D.Ala. 1978); 3B Moore's *Federal Practice* ¶ 23.06–2.

3. Rule 23(a)(2), Federal Rules of Civil Procedure, requires that the class present common questions of fact or law. *Jamerson, supra.*

■ 4. Equal employment opportunity suits involving academic positions at colleges or universities are ill suited for class actions because the decisions in question must be individually scrutinized. *O'Connell v. Teachers College, Columbia University,* 63 F.R.D. 638 (S.D.N.Y.1974); *Jamerson, supra.*

■ 5. The employment practices of the defendant University, like those in *O'Connell,* are atomistic and departmental in orientation. The operative facts behind the claims of any university-wide group of people would differ among its members. Homogeneity among the broad class would be absent. Therefore, certification of the class of all black University employees and job applicants must be denied under Rule 23(a)(2). *Jamerson, supra.*

■ 6. A broad policy of discrimination might transcend divergent employment practices. *Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895 (5th Cir. 1978).

7. The existence of such a policy to discriminate must be established from the plaintiff's evidence. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir. 1975); *Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975); *Smith v. Liberty Mutual Insurance Co.,* 569 F.2d 325 (5th Cir. 1978); *Jamerson, supra.* Plaintiff failed in this proof. Therefore, he has not met the conditions of Rule 23(a)(2), Federal Rules of Civil Procedure.

■ 8. One may not represent a class of which he is not a member. *Wells v. Ramsay, Scarlett & Co.,* 506 F.2d 436 (5th Cir. 1975).

9. Rule 23(a)(3), Federal Rules of Civil Procedure, requires that the would-be representative's suit and its related defenses be typical of the proposed class. *Jamerson, supra.*

■ 10. The plaintiff must establish the existence of the class he would typify. *White v. Gates Rubber Co.,* 53 F.R.D 412 (D.Colo.1971); *Jamerson, supra.*

11. Conclusory allegations by the plaintiff are insufficient basis on which to certify a class; there must be proof. *Taylor v. Safeway Stores, Inc., supra; Wright v. Stone Container Corp, supra; Smith v. Liberty Mutual Insurance Co., supra; Jamerson, supra.*

744

■ 12. Where a would-be class representative brings into the suit considerations unique to him which may also be conclusive, he is not typical and cannot be certified to represent a class. *Jamerson, supra.*

13. Plaintiff's hybrid position with the defendant and the circumstances of his non-renewal are so unique as to deny his suit typicality as to the proposed class. Class certification, therefore, must be denied under Rule 23(a)(3), Federal Rules of Civil Procedure.

Accordingly, class certification is to be denied.