Sharon L. ENNELS; et al., Plaintiffs,

v.

ALABAMA INNS ASSOCIATES, et al. (fictitious defendants), Defendants.

Frederick COLES; et al., Plaintiffs,

v.

ALABAMA INNS ASSOCIATES; et al., Defendants.

Civ. A. Nos. 80–152–N, 83–H–1449–N.

United States District Court,
M.D. Alabama, N.D.

March 16, 1984.

Howard Mandell, Delores R. Boyd, Mandell & Boyd, Kenneth Thomas, Massey, Means & Thomas, Montgomery, Ala., Solomon S. Seay, Montgomery, Ala., for plaintiff-intervenor Thomasson.

David B. Byrne, Jr., Robison & Belser, Montgomery, Ala., and Warren M. Davison, J. Michael McGuire, Shawe & Rosenthal, Baltimore, Md., for defendants.

## MEMORANDUM OPINION

HOBBS, District Judge.

This cause is before the Court on defendants' motion to dismiss. More specifically, defendants challenge plaintiffs' petition for contempt citation on the ground that the injunction issued in *Ennels v. Alabama Inns Assoc.*, No. 80–152–N, is unenforceable. Additionally, plaintiffs have filed several motions. They have moved for leave to amend their complaint in *Coles* to reflect the fact that two of the named plaintiffs in *Coles* were parties in *Ennels*, and to name certain defendants whose identities were previously unknown. The plaintiffs who were not named in *Ennels* have moved for leave to intervene, and Jesse L. Thomasson, who was not previously a party to either suit, has moved to intervene. Defendants oppose all attempts to intervene in *Ennels*.

The facts involved are somewhat simpler than the legal issues. In *Ennels*, plaintiffs claimed that defendants, who operate a motel restaurant and lounge, were discriminating against black patrons. That suit terminated in a consent decree, in which defendants were "enjoined and restrained from discriminating, on the basis of race, against any named plaintiff or any other black person in offering or furnishing service at Adam's in Montgomery, Alabama." Plaintiffs in this suit claim that defendants have discriminated against black patrons by arbitrarily enforcing dress codes against blacks and by requiring blacks to produce numerous forms of identification. Plaintiffs seek various forms of relief, including contempt citations against defendants.

Defendants' primary argument is that the *Ennels* injunction lacks sufficient specificity to be enforceable. Fed.Rule Civ.Proc. 65(d) provides that injunctions "shall be specific in terms [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." As a general rule, "obey the law" injunctions are not enforceable. *N.L.R.B. v. Express Publ. Co.*, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941). Defendants particularly point to *Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895 (5th Cir.1978), in which the court held unenforceable an injunction prohibiting defendants from "[d]iscriminating on the basis of color, race, or sex in employment practices or conditions of employment." *Id.* at 897. Defendants here argue that the *Ennels* decree is no more specific than that in *Payne.*

The Court cannot agree with defendants' contention. An injunction prohibiting discrimination in admitting or serving blacks is substantially more specific than one prohibiting discrimination in employment. The latter could cover many, quite separate functions of a defendant, such as hiring, promotion, discipline, discharge, and working conditions. The *Ennels* injunction covers only one aspect of defendants' business: providing service.

More importantly, the Court believes that if the *Ennels* decree is unenforceable, then plaintiffs could not possibly have drafted a decree to afford the relief they desired. Defendants suggested at oral argument that plaintiffs in *Ennels* could have drafted a decree enjoining defendants from enforcing dress codes or identification requirements in a discriminatory manner. But this very suggestion reveals the unrealistic nature of defendants' contention. There are innumerable methods which defendants could have employed to prevent or discourage blacks from patronizing Adam's, assuming defendants wished to do so. A few of those methods which immediately come to mind, in addition to dress codes or identification requirements, would be slow service, failing to provide knives or

forks, small portions, cold portions, etc. Man's ingenuity in devising methods to discriminate "in offering or serving" black patrons is infinite. Requiring plaintiffs to enumerate all such methods would be the equivalent of declaring that defendants cannot be effectively enjoined from refusing to admit or serve blacks.

■ The proper guideline for determining whether an injunction is too vague is whether "those enjoined will know what conduct the court has prohibited." *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir.1981). Defendants here should have known that they were prohibited from engaging in the acts of which plaintiffs have complained. The gist of plaintiffs' claim is that they were denied admittance to Adam's because of their race. The *Ennels* decree clearly prohibits such conduct, and counsel for defendants did not deny at oral argument that defendants thought it did so. The fact that defendants allegedly used pretexts for denying plaintiffs admittance does not render the decree unenforceable merely because plaintiffs failed to anticipate and enumerate each of the many pretexts defendants might employ. The wrong, if it occurred, was discrimination, not the dress code. The fact that this was a negotiated decree consented to by the defendants makes the argument even less tenable that defendants did not know its import. Defendants are in the position of saying we entered into an agreement to stop doing something and the agreement was a nullity from the beginning because it is too vague to be understandable. A court should be most reluctant to declare void for vagueness a consent decree entered into by defendants who were represented by skilled, experienced and intelligent attorneys.

■ The Court also rejects defendants' arguments that the decree is unenforceable because slightly over three years have lapsed since it was entered, and because it was not the result of an adjudication on the merits. As to the former, although the *Ennels* injunction does not purport to be permanent, holding that it did not last beyond three years would be nearly equivalent to holding it to be void. Counsel for defendants stated at oral argument that defendants intended to obey the law forever, but that they just did not expect to be sued three years later. Defendants cannot have it both ways. They should reasonably have expected the decree to remain in effect for more than such a minimal period of time. As to defendants' other contention, the absence of an adjudication on the merits has no effect upon the validity of an injunction entered pursuant to a consent decree. *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932).

■ In addition to contending that the *Ennels* decree is unenforceable, defendants assert that it can only be enforced by the named plaintiffs in *Ennels*. Defendants contend that nonparties may not enforce consent decrees. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Control Data Corp. v. International Bus. Mach. Corp.*, 306 F.Supp. 839 (D.Minn.1969).

The cases cited by defendants are inapposite to the present situation. In those cases, defendants were cited in the decrees for past violations, and plaintiffs attempted to rely on the decrees to establish defendants' liability for the same past violations. In the present case, plaintiffs wish to proceed against defendants for violations subsequent to the decree. Thus, unlike plaintiffs in the cases cited by defendants, plaintiffs here are suing to enforce a court order. Fed.Rule Civ.Proc. 71 permits a nonparty in whose favor a court order is entered to sue to enforce such order. This includes contempt citations for violating court orders issued in suits to which the present plaintiff was not a party. *Woods v. O'Brien*, 78 F.Supp. 221 (D.Mass.1948); *see United States v. Hackett*, 123 F.Supp. 104 (W.D.Mo.1954).

The *Ennels* decree itself leaves no doubt that its drafters intended it to benefit nonparties. It prohibits defendant from discriminating "against any named plaintiff or any other black person." The decree fur-

ther includes a finding by the Court that it satisfies the requirements of Fed.Rule Civ. Proc. 23(e). Thus, all plaintiffs and intervenors other than plaintiff Swofford, who is white, may enforce the decree, and the Court will allow all such plaintiffs and intervenors to intervene in *Ennels*. Of course, because all plaintiffs and intervenors, including plaintiff Swofford, have claimed violations of their civil rights, they are proper parties in *Coles*.

A separate order will be entered in accordance with this memorandum opinion.